U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 1 5 2014

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HUEY PAUL GARDNER (SANCTIONED/BARRED) | CIVIL ACTION NO. 1:14-cv-707 |
| VERSUS | JUDGE DRELL |
| CADDO PARISH | MAG. JUDGE KIRK |

## MEMORANDUM ORDER

On March 28, 2014, pro se plaintiff Huey Paul Gardner ("Plaintiff") filed this civil rights complaint against the Sheriff of Caddo Parish complaining of cruel and unusual punishment while briefly incarcerated at the Caddo Correctional Center. Plaintiff filed this suit on the same day that he filed two other civil rights complaints with this court. (See Gardner v. Shreveport, et al., 14-cv-708 and Gardner v. Shreve Memorial Library, 14-cv-709.)

Plaintiff is no stranger to this court having filed more than a dozen new suits in two years. His prior suits have been dismissed or are pending a recommendation of dismissal. The last two suits filed resulted in Judgments that ordered the Clerk of Court to "decline to file any civil complaint submitted by Huey Gardner unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed." (See Gardner v. Louisiana State University, et al., 14-cv-455 and Gardner v. Shreve Memorial Library, 14-cv-456.) The court also ordered that any motion to proceed *in forma pauperis* be referred to a district judge for action. Plaintiff's current complaint is now before this court.

Plaintiff contends that he was subjected to cruel and unusual punishment while strip searched at the Caddo Correctional Center in June 2012. Plaintiff is not currently incarcerated. Over the last two years, Plaintiff has filed many complaints about the Caddo Correctional Center with all of these

complaints having been dismissed. (Gardner v. Caddo Parish Sheriff, et al., 13-cv-689; Gardner v. Caddo Parish Sheriff, 12-cv-1914; Gardner v. Caddo Parish Sheriff, et al, 12-cv-1915; Gardner v. Caddo Parish Sheriff, et al, 12-cv-1916; and Gardner v. Caddo Parish Sheriff, et al., 12-cv-1917.) Plaintiff's claims in his current civil action appear to be new claims not presented in his earlier complaints about the Caddo Correctional Center. However, Plaintiff's claims appear to have prescribed since the incident at the Caddo Correctional Center happened almost two years ago. In Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to § 1983 claims. The Court determined that "§ 1983 claims are best characterized as personal injury actions" and that the forum state's statute of limitations applicable to such claims should be used. Id. at 280. In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919. Louisiana Civil Code Article 3492 provides a general prescriptive period for tort actions of one year. The Fifth Circuit has qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983). In this case, Plaintiff's claims have prescribed because the incident happened over two years ago when the Plaintiff was incarcerated at the Caddo Correctional Center.

**ACCORDINGLY,**

**IT IS ORDERED** that the Complaint filed by Huey Paul Gardner on March 28, 2014, be and is hereby **STRICKEN FROM THE RECORD** and this case **CLOSED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall not accept any future pleadings from Huey Gardner unless the pleadings are first presented to a district judge of this court and the judge has specifically ordered in writing that the pleading may be filed.

Alexandria, Louisiana, this __10th__ day of May, 2014.

_____
DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT